DRUMMOND *v.* LOWERY.    COLBERT *v.* WINGARD.

Where, by a vote of the militia district, the stock law was adopted, and subsequently, but prior to the passage of the act of November 26, 1890, the district line was legally changed so as to add territory formerly belonging to an adjoining district in which the stock law had not been adopted, this added territory became subject to the operation of the stock law by virtue of the act aforesaid, which declares that: "In each and every county and district in this State, the boundary lines of each lot, tract or parcel of land in said counties and districts shall be, and the same are, hereby declared, a lawful fence: provided, that this section shall not become operative in any county or district of this State which has not heretofore abolished or removed fences either by a vote of the people or in pursuance of legal or illegal legislative action, unless by an election and in the manner provided for," etc.      *Judgment affirmed.*
February 1, 1892.

Stock law.    Fence.    Statute.    Before Judge JANES. Polk superior court.    February term, 1891.

On September 6, 1889, an election upon the question of stock law was held in the Cedartown district of Polk county, and the result was declared to be for the stock law.    On October 5, 1889, an election upon the question was held in the Rockmart district of that county, and the result was declared to be for "fence."    Afterwards an order was passed by the commissioners of roads and revenues of the county, allowing Lowery and others, together with their plantations, to be cut off from the Rockmart district into the Cedartown district, and Lowery still lives in that portion thus cut off.    Drummond is a citizen of the Rockmart district, and his cow under the provisions of the stock law was impounded by Lowery in the portion cut off as above mentioned. Drummond sued out a possessory warrant for his cow, and the magistrate before whom the cause was heard held, that the provisions of the stock law were not of force in the portion cut off.    On *certiorari* the judge of the superior court reversed the decision of the magistrate, to which decision Drummond excepted.

The case of *Colbert* v. *Wingard* is similar in its facts and result, except that Wingard who impounded the cow, and Mrs. Colbert the owner of the cow, are both residents of that portion of the Rockmart district which was cut off from it and made a part of the Cedartown district after the elections on the subject of stock law. And it further appears, that this cutting off was done for the purpose of getting the benefit of the stock law, and that it was not done at the instance or request of Mrs. Colbert.

IRWIN & BUNN, for plaintiffs.

BLANCE & NOYES and TURNER & GROSS, for defendants.